IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CBL & ASSOCIATES | § | |
| PROPERTIES, INC., *et al.*, | § | Case No. 20-35226 (DRJ) |
| | § | |
| Debtors.[1] | § | (Joint Administration Requested) |
| | § | (Emergency Hearing Requested) |

EMERGENCY MOTION OF DEBTORS FOR AN ORDER
(I) AUTHORIZING DEBTORS TO (A) FILE A CONSOLIDATED
CREDITOR MATRIX AND A CONSOLIDATED LIST OF 30 LARGEST
UNSECURED CREDITORS, AND (B) REDACT CERTAIN PERSONAL
IDENTIFICATION INFORMATION; (II) MODIFYING REQUIREMENT
TO FILE A LIST OF EQUITY SECURITY HOLDERS; AND (III) APPROVING
FORM AND MANNER OF NOTIFYING CREDITORS OF COMMENCEMENT
OF CHAPTER 11 CASES AND OTHER INFORMATION

EMERGENCY RELIEF HAS BEEN REQUESTED.  A VIDEO/TELEPHONIC HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 2, 2020 AT 12:00 P.M. (PREVAILING CENTRAL TIME).  PARTIES WISHING TO PARTICIPATE TELEPHONICALLY MUST DIAL IN USING THE COURT'S TELECONFERENCE SYSTEM AT 832-917-1510 AND ENTERING CONFERENCE CODE 205691.  PARTIES WHO ALSO WISH TO PARTICIPATE BY VIDEOCONFERENCE MAY DO SO BY USE OF AN INTERNET CONNECTION, USING THE WEBSITE GOTOMEET.ME/JUDGEJONES OR THE FREE GOTOMEETING APPLICATION, SELECTING "JOIN MY MEETING," AND ENTERING MEETING CODE "JudgeJones."

IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST EITHER APPEAR AT THE HEARING OR FILE A WRITTEN RESPONSE PRIOR TO THE HEARING.  OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.

RELIEF IS REQUESTED NOT LATER THAN NOVEMBER 2, 2020.

---

[1]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/CBLProperties.  The Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

CBL & Associates Properties, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):[2]

## Background

1.       Beginning on November 1, 2020 (the "**Petition Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.  Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of Texas (the "**Local Bankruptcy Rules**").

2.       The Debtors commenced these chapter 11 cases on a prearranged basis with the support of an ad hoc group holding over 62% of the outstanding principal amount under the Debtors' senior unsecured notes (the "**Consenting Noteholders**").  The Consenting Noteholders have committed to support the comprehensive restructuring set forth in that certain Restructuring Support Agreement (together with all exhibits and attachments thereto and as may be subsequently amended in accordance with its terms, the "**Restructuring Support Agreement**"), dated as of August 18, 2020, and in the restructuring term sheet attached thereto.  Consistent with their

---

[2]      The facts and circumstances supporting the relief requested herein are set forth in the First Day Declaration (as defined herein) filed contemporaneously herewith.  Capitalized terms used but not defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

WEIL:\97691492\1\32626.0003

obligations under the Restructuring Support Agreement, the Debtors intend to file a proposed plan of reorganization and disclosure statement with the Court in the near term and are seeking to emerge from chapter 11 on an expedited timeframe.

3.     Additional information regarding the Debtors' business, capital structure, the Restructuring Support Agreement, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Mark Renzi in Support of Debtors' Chapter 11 Petitions and First Day Motions*, sworn to on November 2, 2020 (the "**First Day Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.

## Jurisdiction

4.     The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5.     Pursuant to section 107(c)(1)(A) of the Bankruptcy Code, Rules 1007(a)(1) and (d) and 2002(a) of the Bankruptcy Rules, and Rules 3003-1 and 9013-1 of the Local Bankruptcy Rules, the Debtors request entry of an order (i) authorizing the Debtors to (a) file a consolidated creditor matrix (the "**Consolidated Creditor Matrix**") and a consolidated list of the Debtors' thirty (30) largest unsecured creditors (the "**Consolidated Top 30 Creditors List**"), and (b) redact certain personal identification information, (ii) modifying the requirement to file a list of and provide notice directly to the Debtors' equity security holders, and (iii) approving the form and manner of notifying creditors of the commencement of the chapter 11 cases and other information.

WEIL:\97691492\1\32626.0003

6.      A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

**Relief Requested Should be Granted**

**A.      Consolidated Creditor Matrix**

7.      Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H . . . ." Fed. R. Bankr. P. 1007(a)(1).  Because the preparation of separate lists of creditors for each Debtor would be expensive, time consuming, and administratively burdensome, the Debtors respectfully request authority to file one Consolidated Creditor Matrix for all Debtors.

**B.      Consolidated Top 30 Creditors List**

8.      Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders."  Fed. R. Bankr. P. 1007(d).  In complex chapter 11 cases filed in the Southern District of Texas, the lead debtor in a jointly administered complex case is required to file a single, consolidated list of unsecured creditors on Official Form B 204 consisting of the 30 largest unsecured creditors of all jointly administered debtors.  *See Procedures for Complex Chapter 11 Cases in the Southern District of Texas*, Rule 6(a).  Because a significant number of creditors may be shared amongst the Debtors, consistent with Rule 6(a), the Debtors request authority to file the Consolidated Top 30 Creditors List for all Debtors rather than file separate top 20 creditor lists for each Debtor.  The Consolidated Top 30 Creditors List will help alleviate administrative burden, costs, and the possibility of duplicative service.  For the sake of clarity, the Debtors are not requesting authority in this Motion to (i) file consolidated schedules of assets and liabilities and statements of financial affairs or (ii) substantively consolidate the Debtors' estates.

4

**C.      Redaction of Certain Confidential Information**

9.      Section 107(c)(1)(A) of the Bankruptcy Code provides that the Court, "for cause, may protect an individual with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft . . . [a]ny means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code]." 11 U.S.C. § 107(c)(1)(A).  Here, cause exists to authorize the Debtors to redact address information of the Debtors' current and former employees, the Debtors' current and former directors, and the Debtors' individual creditors, to the extent applicable, from the Consolidated Creditor Matrix and from the Debtors' lists of equity security holders because such information could be used to perpetrate identity theft.  The Debtors propose to provide upon request an unredacted version of the Consolidated Creditor Matrix and the lists of equity security holders to the Court, the Office of the United States Trustee for the Southern District of Texas, and counsel to the official committee of unsecured creditors should one be appointed in these chapter 11 cases.

10.      Courts in this district have regularly granted relief similar to the relief requested herein.  *See, e.g.*, *In re Fieldwood Energy LLC*, Case No. 20-33948 (MI) (Bankr. S.D. Tex. Aug. 5, 2020) (Docket No. 57); *In re NPC International, Inc.*, Case No. 20-33353 (DRJ) (Bankr. S.D. Tex. July 2, 2020) (Docket No. 102); *In re CEC Entertainment, Inc.*, Case No. 20-33163 (MI) (Bankr. S.D. Tex. June 29, 2020) (Docket No. 113); *In re Halcón Resources Corporation*, Case No. 19-34446 (DRJ) (Bankr. S.D. Tex. Aug. 8, 2019) (Docket No. 63); *In re Legacy Reserves Inc.*, Case No. 19-33395 (MI) (Bankr. S.D. Tex. June 20, 2019) (Docket No. 72). The same relief is also appropriate here.

WEIL:\97691492\1\32626.0003

**D.      Modification of Requirements to File a List of, and to Provide Notice Directly to, Equity Security Holders Under Certain Circumstances of These Chapter 11 Cases**

11.      Bankruptcy Rule 1007(a)(3) requires a debtor to file, within 14 days after the petition date, a list of the debtor's equity security holders.  *See* Fed. R. Bankr. P. 1007(a)(3). Bankruptcy Rule 2002(d), in turn, requires that equity security holders be provided notice of, among other things, the commencement of the bankruptcy case and the confirmation hearing. *See* Fed. R. Bankr. P. 2002(d).   Bankruptcy courts have authority to modify or waive the requirements under both rules.    *See* Fed. R. Bankr. P. 1007(a)(3) ("[U]nless the court orders otherwise, the debtor shall file . . . a list of the debtor's equity security holders . . . .");  Fed. R. Bankr. P. 2002(d) ("[U]nless the court orders otherwise, the clerk . . . shall in the manner and form directed by the court . . . give notice to all equity security holders . . . ."); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."); Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").

12.      The Debtors submit that the requirements to file a list of, and to provide notice directly to, equity holders should be modified as to Debtor CBL & Associates Properties, Inc. in this case.  As an initial matter, CBL & Associates Properties, Inc. is a publicly-traded company with approximately 196 million common shares outstanding.   CBL & Associates Properties, Inc. does not maintain in the ordinary course of business a list of its equity security holders and, therefore, must obtain the names and addresses of its shareholders from a securities agent and several other sources.  Preparing and submitting such a list with last known addresses for each such equity security holder and sending notices to all such parties will be expensive and time consuming and will serve little or no beneficial purpose.

WEIL:\97691492\1\32626.0003

13.     In lieu of filing a list of, and providing notice directly to, equity holders of CBL & Associates Properties, Inc., the Debtors propose to (i) file a Form 8-K with the U.S. Securities and Exchange Commission notifying equity holders of CBL & Associates Properties, Inc. of the commencement of these chapter 11 cases and providing a link to the website relating to the Debtors' chapter 11 cases set up by the Debtors' claims agent, (ii) file with the CBL & Associates Properties, Inc. chapter 11 petition a list of significant holders of CBL & Associates Properties, Inc.'s outstanding common stock, and (iii) as soon as is practicable following the date hereof, cause the notices required under Bankruptcy Rule 2002(d) to be served on registered holders of CBL & Associates Properties, Inc.'s common stock.  Under these circumstances, the Debtors respectfully request that the requirements to file a list of and to provide notice directly to CBL & Associates Properties, Inc.'s equity security holders be modified.

**E.      Service of Notice of Commencement of These Chapter 11 Cases**

14.     Bankruptcy Rule 2002 establishes the general rule for notifying creditors in chapter 11 cases.  Specifically, Bankruptcy Rule 2002(a) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of:  (1) the meeting of creditors under § 341 or § 1104(b) of the [Bankruptcy] Code . . . ."  Fed. R. Bankr. P. 2002(a).  Bankruptcy Rule 2002(f) provides that such notice of the order for relief shall be sent by mail to all creditors.  *See* Fed. R. Bankr. P. 2002(f).

15.     The Debtors, through Epiq Corporate Restructuring, LLC, their proposed claims and noticing agent, propose to serve the notice of commencement substantially in the form attached as **<u>Exhibit 1</u>** to the Proposed Order (the "**Notice of Commencement**") to all parties listed on the Consolidated Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.  Service of the single Notice of Commencement on the Consolidated Creditor Matrix will not only prevent the Debtors' estates from incurring unnecessary costs

associated with serving multiple notices to the parties listed on the voluminous Consolidated Creditor Matrix, but also preserve judicial resources and prevent creditor confusion through the efficient service of critical information.  Accordingly, the Debtors submit that service of a single Notice of Commencement is warranted and proper in these chapter 11 cases.

### Debtors Have Satisfied Bankruptcy Rule 6003(b)

16.     Pursuant to Local Bankruptcy Rule 9013-1, the Debtors respectfully request emergency consideration of this Motion under Bankruptcy Rule 6003, which provides that the Court may grant relief within the first twenty-one (21) days after the Petition Date to the extent such relief is necessary to avoid immediate and irreparable harm.  As described herein and in the First Day Declaration, the relief requested is essential to avoid the immediate and irreparable harm that would be caused by the Debtors' inability to transition smoothly into chapter 11.  Accordingly, the Debtors submit that the requirements of Bankruptcy Rule 6003 are satisfied.

### Reservation of Rights

17.     Nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver or limitation of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of any claims or causes of action which may exist against any creditor or interest holder, or (vi) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.  Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

WEIL:\97691492\1\32626.0003

## Notice

18.     Notice of this Motion will be provided to (i) the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036 (Attn:  Michael Stamer, Meredith Lahaie, and Kevin Zuzolo), on behalf of the Consenting Noteholders; (iv) Jones Day, 250 Vesey Street, New York, NY 10281 (Attn:  David Paulson, Brett Barragate, and Benjamin Rosenblum), on behalf of the Administrative Agent; (v) the Internal Revenue Service; (vi) the United States Attorney's Office for the Southern District of Texas; (vii) the Securities and Exchange Commission; and (viii) any other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(d) (collectively, the "**Notice Parties**").  The Debtors believe that no further notice is required under the circumstances.

## No Previous Request

19.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank*]

WEIL:\97691492\1\32626.0003

WHEREFORE, the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: November 2, 2020
      Houston, Texas

                        Respectfully submitted,

                        */s/ Alfredo R. Pérez*
                        WEIL, GOTSHAL & MANGES LLP
                        Alfredo R. Pérez (15776275)
                        700 Louisiana Street, Suite 1700
                        Houston, Texas  77002
                        Telephone: (713) 546-5000
                        Facsimile:  (713) 224-9511
                        Email:  Alfredo.Perez@weil.com

                        -and-

                        WEIL, GOTSHAL & MANGES LLP
                        Ray C. Schrock, P.C. (*pro hac vice* admission pending)
                        Garrett A. Fail (*pro hac vice* admission pending)
                        Moshe A. Fink (*pro hac vice* admission pending)
                        767 Fifth Avenue
                        New York, New York  10153
                        Telephone:  (212) 310-8000
                        Facsimile:  (212) 310-8007
                        Email:  Ray.Schrock@weil.com
                                    Garrett.Fail@weil.com
                                    Moshe.Fink@weil.com

                        *Proposed Attorneys for Debtors*
                        *and Debtors in Possession*

## **Certificate of Service**

I hereby certify that on November 2, 2020, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas, and will be served as set forth in the Affidavit of Service to be filed by the Debtors' proposed claims, noticing, and administrative agent.


 */s/ Alfredo R. Pérez*
Alfredo R. Pérez

WEIL:\97691492\1\32626.0003