

ENTERED
11/23/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CBL & ASSOCIATES | § | |
| PROPERTIES, INC., *et al.*, | § | Case No. 20-35226 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### ORDER (I) ESTABLISHING PROCEDURES FOR DE MINIMIS ASSET SALES, AND (II) GRANTING RELATED RELIEF
(Docket No. 203)

Upon consideration of the motion (the "**Motion**")[2] the above-captioned debtors and debtors and possession (collectively, the "**Debtors**") for entry of an order, pursuant to pursuant to 105(a), 363 and 365 of the Bankruptcy Code, and Rules 2002, 6004, 6006 and 9014 of the Bankruptcy Rules, (i) authorizing and approving the De Minimis Asset Sale Procedures in connection with the sale of De Minimis Assets, (ii) approving the form of Noticed Sale (as defined below) in connection with the De Minimis Asset Sale Procedures; and (iii) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this

---

[1]  A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

[2]  Capitalized terms not defined herein shall have the meanings provided to them in the Motion.

Court having reviewed the Motion; and the Court having held a hearing on the Motion on November 23, 2020 (the "**Hearing**"); and upon the record of the Hearing and upon all of the proceedings had before the Court; and all objections, if any, to the Motion having been withdrawn, resolved, or overruled; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor

**FOUND AND DETERMINED THAT:**

      A.    The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014. To the extent any findings of fact are conclusions of law, they are adopted as such. To the extent any conclusions of law any findings of fact, they are adopted as such.

      B.    The statutory predicates for the relief sought in the Motion are Bankruptcy Code sections 105, 363 and 365 and Bankruptcy Rules 2002, 6004, 6006 and 9014.

      C.    The legal and factual bases set forth in the Motion establish just cause for the relief granted herein. Entry of this Order is in the best interests of the Debtors and their respective estates, creditors, and all other parties-in-interest.

      D.    The Debtors' notice of the Motion, the Hearing, and the proposed entry of this Order, was adequate and sufficient under the circumstances of these Chapter 11 Cases, complied with all applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, and the

Local Rules.  Accordingly, no further notice of the Motion, the Hearing, or this Order is necessary or required.

      E.    The relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest.  The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion.

**IT IS HEREBY ORDERED THAT:**

    **A.**    **The De Minimis Asset Sale Procedures**

    1.    The Debtors are authorized pursuant to sections 363 and 105(a) of the Bankruptcy Code to sell or purchase the De Minimis Assets in accordance with the following procedures (collectively, the "**De Minimis Asset Sale Procedures**"):

    a.    <u>Non-Noticed Sales</u>: For property, other than any property securing the Debtors' obligations under that certain Credit Agreement, dated as of January 30, 2019, by and among CBL & Associates Limited Partnership, as borrower, CBL & Associates Properties, Inc., the lenders from time to time party thereto, Wells Fargo Bank, National Association, as Administrative Agent for itself and for the benefit of the lenders, and certain other parties specified therein (the "Credit Agreement Property"), that, in the Debtors' good faith determination, has a selling price of less than $3 million and is proposed to be sold in a sale, or in a series of related sales (each, a "**Non-Noticed Sale**"):

    i.    <u>Business Judgment Standard</u>.  The Debtors are authorized to consummate the sale of such property without further order of the Bankruptcy Court or notice to any party if the Debtors determine in a reasonable exercise of their business judgment that such a sale is in the best interest of the Debtors' estates; provided that the Debtors will provide e-mail notification to counsel to the Creditors' Committee, counsel to the Administrative Agent, and counsel to the Ad Hoc Bondholder Group three (3) business days prior to the consummation of such sale or purchase.

    ii.    <u>Sale Free and Clear</u>.  Any such sale of property shall be free and clear of all liens, claims, and encumbrances ("**Liens**"), with any valid and properly perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the sale.

   iii. <u>Good Faith Purchaser</u>.  Each purchaser of property pursuant to such a sale will be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

   iv. <u>Non-Noticed Sale Reports</u>.  Within 30 days of each quarterly period, commencing with the period ending December 31, 2020, the Debtors will file with the Bankruptcy Court a report summarizing any Non-Noticed Sale that were completed pursuant to the De Minimis Asset Sale Procedures during the immediately preceding quarter, and serve it on (i) the U.S. Trustee, (ii) counsel to the Ad Hoc Bondholder Group, (iii) counsel to the Creditors' Committee, (iv) counsel to the Administrative Agent, (v) the United States Attorney's Office for the Southern District of Texas, and (vi) all known parties holding or asserting liens, claims, encumbrances or other interests in the assets being sold and their respective counsel, if known (collectively, the "**Notice Parties**").  With respect to each applicable Non-Noticed Sale, each quarterly report shall identify: (a) the De Minimis Assets sold; (b) a summary of the reasons for selling such De Minimis Assets; (c) the entity who purchased the De Minimis Assets; (d) the sale price for such De Minimis Assets; and (e) any broker or auctioneer that advised or assisted the Debtors with such sales and any fees paid to such party in connection with such sales.

 b. <u>Noticed Sales</u>.  For property that either (a) in the Debtors' good faith determination, has a selling price equal to or greater than $3 million, and less than or equal to $8 million or (b) that constitutes Credit Agreement Property and, in the Debtors' good faith determination, has a selling price of less than or equal to $8 million, and, in each case, is proposed to be sold in a sale, or in a series of related sales (each, a "**Noticed Sales**"):

   i. <u>Business Judgment Standard</u>.  The Debtors are authorized to consummate such a sale without further order of the Bankruptcy Court, subject to the procedures set forth herein, if the Debtors determine in a reasonable exercise of their business judgment that such a sale is in the best interest of the Debtors' estates.

   ii. <u>Sale Free and Clear</u>.  Any such sale shall be free and clear of all Liens, with any valid and perfected Liens attaching only to the sale proceeds with the same validity, extent, and priority as immediately prior to the sale.

   iii. <u>Good Faith Purchaser</u>.  Each purchaser of property to such a sale will be afforded the protections of section 363(m) of the Bankruptcy Code as a good faith purchaser.

    iv.    <u>Sale Notice</u>. The Debtors shall, at least seven (7) business days prior to closing such sale, serve a written notice substantially in the form of notice attached to the De Minimis Asset Sale Procedures Order as **Exhibit 1** of such sale or purchase by e-mail (or facsimile or overnight delivery service if e-mail is not available) (each notice, a "**Sale Notice**") to the Notice Parties, which Sale Notice shall consist of:

        1.    identification of the De Minimis Asset being sold;

        2.    identification of the purchaser of the De Minimis Asset and any relationship such party has with the Debtors;

        3.    identification of any parties known to the Debtors as holding Liens on the property being sold and a statement indicating whether (i) all such Liens are capable of monetary satisfaction, or (ii) the holders of such Liens have consented to the sale;

        4.    the sale price;

        5.    a copy of the executed sale agreement;

        6.    any other significant terms of the sale;

        7.    a draft closing statement (which will be followed up with a final closing statement, which final closing statement shall not constitute part of the Sale Notice);

        8.    the date and time within which objections must be filed and served on the Debtors; and

        9.    any broker or auctioneer that advised or assisted the Debtors with such sale and any fees paid or to be paid to such party in connection with such sale.

    v.    <u>Objection Procedures</u>. Parties objecting to a Noticed Sale must file a written objection with the Bankruptcy Court no later than five (5) business days after the date the Debtors serve the relevant Sale Notice.

    vi.    <u>No Objection</u>. If no objection to a Noticed Sale is timely filed by any of the Notice Parties within five (5) business days of service of such Sale Notice, the Debtors are authorized to immediately consummate such sale.

       vii.    <u>Unresolved Objections</u>. If a timely objection is filed and not consensually resolved, the Debtors shall file a notice of hearing to consider the unresolved objection, and such hearing shall be held on an expedited basis. If such objection is overruled or withdrawn, or if the sale or purchase of De Minimis Assets is specifically approved by further order of the Bankruptcy Court, the Debtors are authorized to immediately consummate such sale.

    c.    <u>Sale or Purchase Pursuant to Motion</u>. For property that, in the Debtors' good faith determination, has a selling price greater than $8 million, and is proposed to be sold in a sale, or in a series of related sales, the Debtors shall seek authority to sell such property pursuant to a motion and in accordance with the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

    d.    <u>Credit Agreement Properties</u>. Nothing herein shall limit the rights of the Administrative Agent to credit bid in accordance with section 363(k) of the Bankruptcy Code and the rights of all parties with respect to any credit bid are reserved. Any sale proceeds arising from the sale of Credit Agreement Properties shall be segregated in a separate account and shall not be used by the Debtors, absent the agreement of the Debtors, the Ad Hoc Bondholder Group, and the Administrative Agent or further order of the Court. All rights of the Administrative Agent, secured lenders, and all other parties in interest with respect to such proceeds, including rights with respect to adequate protection, stay relief, and turnover of such proceeds, are reserved.

    2.    Pursuant to section 363(f) of the Bankruptcy Code, any sale of De Minimis Assets pursuant to the De Minimis Asset Sale Procedures set forth herein shall be free and clear of all Liens. All Liens and other interests in or on De Minimis Assets sold pursuant to the De Minimis Asset Sale Procedures shall attach solely to the proceeds of such sale with the same validity, priority, force and effect that they now have against the De Minimis Assets, subject to any and all claims and defenses the Debtors and their estates may possess with respect thereto. To the extent that ad valorem taxes for any property located in Brazos County, City of Waco, et al., Williamson County, Cameron County, Dallas County, City of El Paso, Jefferson County and McLennan County which is to be sold pursuant to this order are due and payable and have not, as of the closing of the sale thereof, been paid to the taxing authority, the lien of such ad valorem

taxes shall attach to the sales proceeds instead of attaching to such property and the closing agent and/or Debtor shall pay such unpaid ad valorem tax owed incident to the applicable property from such sale proceeds, (including statutory interest from the later of the date of filing and the date such ad valorem tax became delinquent) immediately upon closing and prior to any disbursement of proceeds to any other person or entity. If any ad valorem taxes are not yet due and payable at the closing of the sale of the applicable property, the lien of such ad valorem taxes shall be retained against the applicable property.  Notwithstanding anything to the contrary, this provision shall be applicable to each De Minimis Asset Sale without the need of the Taxing Authorities to file an objection to such.

3. Any sale of De Minimis Assets conducted in accordance with the De Minimis Asset Sale Procedures shall be deemed arm's-length sales and the purchasers of such assets shall be entitled to the protections of section 363(m) of the Bankruptcy Code.

4. The Sale Notice with regard to the sale of De Minimis Assets substantially in the form attached hereto as **Exhibit 1** is hereby authorized and approved.

5. Notice of any sale of the De Minimis Assets in accordance with the De Minimis Asset Sale Procedures shall be sufficient notice of the sale of such assets to satisfy Bankruptcy Rules 2002(a), 6004, 6007, and 9014.

6. Sales in the ordinary course of business permitted pursuant to 11 U.S.C. § 363(c)(1) shall not be subject to this Order or the De Minimis Asset Sale Procedures, and the Debtors are authorized to conduct such sales without further Court approval.

7. De Minimis Asset Sales shall be deemed authorized pursuant to the terms of this Order and no further or additional waivers of the fourteen-day stay of Bankruptcy Rule

6004(h) shall be required for the Debtors to consummate any De Minimis Asset Sales, subject to compliance with the De Minimis Asset Sale Procedures.

8. Nothing contained in this Order shall prejudice the Debtors' right to seek Court authorization to sell any asset under section 363 of Bankruptcy Code by separate motion.

9. This Order does not authorize any sales with "insiders" as that term is defined in section 101 of the Bankruptcy Code.

10. The rights and defenses of the Debtors and any other party in interest with respect to whether any assertion that any liens, claims, interests, or encumbrance, if any, will attach to the proceeds of a sale of De Minimis Assets are hereby preserved.

11. The De Minimis Asset Sales consummated pursuant to this Order shall be binding upon and shall govern the acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the property sold pursuant to this Order; and each and every federal, state, and local governmental agency or department is directed to accept this Order as sole and sufficient evidence of the transfer of title to any particular purchaser, and such agency or department shall rely upon this Order in consummating the sales contemplated hereby.

**B.    Additional Provisions**

12. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be immediately effective and enforceable upon its entry, and no further additional waivers of the fourteen-day stay

of the Bankruptcy Rule 6004(h) shall be required for the Debtors to consummate any Purchase Agreement(s).

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion, and with respect to the sale of De Minimis Assets and obtaining the proceeds thereof.

14. The Court shall retain exclusive jurisdiction to resolve any dispute arising from or relating to the De Minimis Asset Sale(s) or this Order.

**Signed: November 23, 2020.**

_____
**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**

**Exhibit 1**

**De Minimis Asset Sale Notice**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CBL & ASSOCIATES | § | |
| PROPERTIES, INC., *et al.*, | § | Case No. 20-35226 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | Re: Docket No. [●] |

## NOTICE OF DE MINIMIS ASSET SALE

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (collectively, the "**Debtors**"), pursuant to that certain *Order (I) Establishing Procedures for De Minimis Asset Sales and (II) Granting Related Relief* entered by the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") on [_____], 2020 [Docket No. __] (the "**Sale Order**"),[2] propose to sell certain assets (the "**Assets**") to [_____] (the "**Purchaser**") pursuant to an agreement dated _____, _____ (the "**Sale Agreement**"). This Notice is being provided in accordance with and sets forth the information required under the Sale Order.

Description of the Assets. The Assets consist of _____ and are located at_____.

Relationship of the Purchaser to the Debtors. The Purchaser's relationship, if any, with the Debtors is as follows: _____.

Liens and Encumbrances on the Assets. The Debtors are aware of the following liens and/or encumbrances on the Assets: _____. To the extent that any party has liens or encumbrances on the Assets, any such lien or encumbrance will attach to the proceeds of the sale described herein.

The sale of any real estate Assets will not be free and clear of (and shall not extinguish or otherwise diminish) any interests, covenants, or rights applicable to such real estate assets or rights that limit or condition the permitted use of the property such as easements, reciprocal easement agreements, operating or redevelopment agreements, covenants, licenses, or permits (collectively, "**Restrictive Covenants**") unless (i) the counterparties to a Restrictive Covenant agree otherwise or (ii) the Court so determines after specific notice that the Debtors are

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Sale Order.

seeking to sell an Asset free and clear of an identified Restrictive Covenant, an opportunity for counterparties to object, and a hearing.

Material Economic Terms and Conditions of the Proposed Sale.  The Debtors propose to sell or transfer the Assets to the Purchaser on an "as is" basis (if applicable), free and clear of all liens or encumbrances therein, pursuant to section 363(f) of the Bankruptcy Code.  The Purchaser has agreed to pay a purchase price of $_____ for the Assets.  [IF APPLICABLE: The Sale Agreement is annexed hereto as **Exhibit 1**.]

[IF APPLICABLE:  Commission, Fees, or other Similar Expenses:  The Debtors propose to pay $_____ in commission, fees, or other similar expenses in connection with the sale.]

Procedures to Object to the Proposed Sale.  Any objection to the proposed sale (an "**Objection**") must:  (i) be in writing; (ii) set forth the name of the objecting party; (iii) provide the basis for the Objection and the specific grounds therefor; and (iv) be filed electronically with the Bankruptcy Court no later than _____, 20___ (the "**Objection Deadline**").

If no Objections are filed with the Bankruptcy Court by the Objection Deadline in accordance with the terms of the Sale Order described above, then the Debtors may proceed with the sale in accordance with the terms of the Sale Order.

The Debtors may consummate the transaction prior to expiration of the applicable Objection Deadline if the Debtors obtain written consent to the transaction from (i) the Creditors' Committee; (ii) any known affected creditor(s), including counsel to any creditor asserting a lien, claim, or encumbrance on the relevant De Minimis Assets; and (iii) the Ad Hoc Bondholder Group.

*[Remainder of page left intentionally blank]*

If an Objection is timely received and cannot be resolved consensually, the Debtors shall file a notice of hearing to consider the unresolved objection, and such hearing shall be held on an expedited basis. If such objection is overruled or withdrawn, or if the sale or purchase of De Minimis Assets is specifically approved by further order of the Bankruptcy Court, the Debtors are authorized to immediately consummate such transaction.

Dated: _____, 20___
   Houston, Texas

         Respectfully submitted,

         */s/  DRAFT*
         WEIL, GOTSHAL & MANGES LLP
         Alfredo R. Pérez (15776275)
         700 Louisiana Street, Suite 1700
         Houston, Texas  77002
         Telephone: (713) 546-5000
         Facsimile:  (713) 224-9511
         Email:  Alfredo.Perez@weil.com

         -and-

         WEIL, GOTSHAL & MANGES LLP
         Ray C. Schrock, P.C. (admitted *pro hac vice*)
         Garrett A. Fail (admitted *pro hac vice*)
         Moshe A. Fink (admitted *pro hac vice*)
         767 Fifth Avenue
         New York, New York  10153
         Telephone:  (212) 310-8000
         Facsimile:   (212) 310-8007
         Email:  Ray.Schrock@weil.com
             Garrett.Fail@weil.com
             Moshe.Fink@weil.com

         *Proposed Attorneys for Debtors*
         *and Debtors in Possession*