

ENTERED
12/03/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CBL & ASSOCIATES | § | |
| PROPERTIES, INC., *et al.*, | § | Case No. 20- 35226 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

### SECOND INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO USE CASH COLLATERAL, (II) DETERMINING ADEQUATE PROTECTION, (III) MODIFYING THE AUTOMATIC STAY, (IV) SCHEDULING A FINAL HEARING, AND (V) GRANTING RELATED RELIEF

Upon the *Emergency Motion of Debtors for Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Determining Adequate Protection, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief*, dated November 2, 2020 (the "**Motion**")[2] of CBL & Associates Properties, Inc. (the "**REIT**") and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 361, 362(d), 363(c), 363(e), 503(b), and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, 6004, and 9014, Rule 4001-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**") and the Procedures for Complex Chapter 11 Cases in the Southern District of Texas (the "**Complex Case Rules**"):

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

(a) entry of a second interim order (this "**Second Interim Order**") providing:

(i) authority for the Debtors' limited use of Cash Collateral (as defined herein) of Wells Fargo Bank, National Association ("**Wells Fargo**") in its capacity as administrative agent (in such capacity, the "**Administrative Agent**") under that certain Credit Agreement, dated as of January 30, 2019, by and among CBL & Associates Limited Partnership, as borrower, the REIT, as parent, the lenders party thereto (the "**Bank Lenders**"; and together with the Administrative Agent, the "**First Lien Secured Parties**"; such First Lien Credit Agreement, the "**First Lien Credit Agreement**," and together with all related loan documents, the "**First Lien Loan Documents**") solely to maintain and pay the ordinary course operating expenses, necessary capital expenditures, and tenant allowances, and other expenses of the Credit Facility Properties (as defined herein);

(ii) authority for the Debtors to use Cash Collateral, if any, of the lenders (the "**Property Lenders**" and, together with the First Lien Secured Parties, the "**Prepetition Secured Parties**") under certain non-recourse mortgage loans (the "**Non-Recourse Loans**") and certain other loans with recourse to the general credit of the Operating Partnership, including constructions loans (the "**Recourse Loans**" and, together with the Non-Recourse Loans, the "**Property Level Loans**" and, together with all related loan documents, the "**Property Level Loan Documents**" and, together with the First Lien Loan Documents, the "**Prepetition Loan Documents**"), in accordance with the terms and conditions set forth herein;

(iii) the determination of adequate protection for the Prepetition Secured Parties with respect to their interests in the Properties (as defined herein);

(iv) modification of the automatic stay of section 362 of the Bankruptcy Code (the "**Automatic Stay**") to the limited extent provided herein;

(v) a waiver of any applicable stay (including under Bankruptcy Rule 6004) with respect to the effectiveness and enforceability of this Second Interim Order and providing for the immediate effectiveness of this Second Interim Order;

(b) scheduling the Final Hearing (as defined herein) and approving notice with respect thereto in accordance with Bankruptcy Rules 4001(b) and (d); and

(c) entry of a final order approving the relief granted in this Second Interim Order (as such relief may be modified on notice in advance of the Final Hearing) on a final basis (the "**Final Order**");

and the Court having considered the Motion and the evidence submitted at the hearing held before this Court on November 23, 2020, to consider entry of this Second Interim Order (the "**Second**

2

**Interim Hearing**"); and in accordance with Bankruptcy Rules 2002, 4001(b) and (d), 6004, and 9014 and the Bankruptcy Local Rules and Complex Case Rules, due and proper notice of the Motion and the Second Interim Hearing having been given; and it appearing that approval of the interim relief requested in the Motion (as modified by this Second Interim Order) is fair and reasonable and in the best interests of the Debtors, their creditors, and their estates, and essential for the continued operation of the Debtors' business; and all objections, if any, to the entry of this Second Interim Order having been withdrawn, resolved or overruled by the Court; and after due deliberation and consideration, and for good and sufficient cause appearing therefor,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**

1.  Based upon the pleadings and the evidence presented at the Second Interim Hearing before this Court, this Court hereby grants the relief herein, on an interim basis.  Therefore, consistent with sections 361, 362, 363, 503(b), and 507 of the Bankruptcy Code, this Court hereby finds and orders:

2.  **Objections**.  Any objections to the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits.  This Second Interim Order shall become effective immediately upon its entry.

3.  **Final Hearing**.  A final hearing on the Motion shall take place before the Honorable David R. Jones, United States Bankruptcy Judge, at the United States Court for the Southern District of Texas (the "**Court**"), on a date to be determined by the Court, but not before January 14, 2021 (the "**Final Hearing**").

4.  **Petition Date**.  Beginning on November 1, 2020 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

5. **Jurisdiction**. This Court has jurisdiction over this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (D), (G), (K), (M), and (O).

6. **Notice**. Sufficient and adequate notice of the Motion and the Second Interim Hearing has been given to prevent immediate and irreparable harm pursuant to Bankruptcy Rules 2002, 4001, 6004, 9006, and 9014 and the Bankruptcy Local Rules and Complex Case Rules, and as required by sections 102, 105, 361, 362, and 363 of the Bankruptcy Code. Other than the notice provided for herein, no further notice of the interim relief sought in the Motion is necessary.

7. **Cash Collateral**. For purposes of this Second Interim Order, the term **"Cash Collateral"** shall be deemed to include, without limitation, all of each Debtor's "Cash Collateral" as defined under section 363 of the Bankruptcy Code.

8. **Prepetition Secured Claims**. As of the Petition Date, pursuant to the First Lien Loan Documents, the First Lien Secured Parties may assert prepetition claims against certain of the Debtors in an aggregate amount no less than: (a) $447 million in aggregate principal amount of term loans plus (b) $676 million in aggregate principal amount of revolving loans plus (c) prepetition accrued interest and all fees, costs, expenses (including any attorneys', financial advisors', and other professionals' fees and expenses), premiums (if any), reimbursement obligations, indemnification obligations, contingent obligations, and all other charges of whatever nature, whether or not contingent, whenever arising, due, or owing, and all other Obligations (as defined in the First Lien Credit Agreement) owing under or in connection with First Lien Loan Documents whether arising prepetition or postpetition including postpetition interest at the default rate (collectively, the "**Prepetition First Lien Claims**").

4

9. As of the Petition Date, pursuant to the Property Level Loans, the Property Level Lenders may assert prepetition claims against certain of the Debtors and non-Debtor affiliates in an aggregate amount equal to approximately $2 billion plus prepetition accrued interest and all fees, costs, expenses, owing under or in connection with Property Level Loans (collectively, the "**Property Level Secured Claims**" and, together with the Prepetition First Lien Claims, the "**Prepetition Secured Claims**").

10. **Prepetition Collateral**. The Prepetition First Lien Claims are secured in accordance with the terms of the First Lien Loan Documents, including direct or indirect pledges of certain of the Debtors' properties (the "**Credit Facility Properties**") from certain Debtor entities owning such Credit Facility Properties (the "**Credit Facility Property Entities**"). The Property Level Secured Claims are secured in accordance with the Property Level Loan Documents, including, among other things the borrowing interest in certain of the Debtors' properties (the "**Mortgage Loan Properties**" and, together with the Credit Facility Properties, the "**Properties**") owned by certain non-Debtor affiliates (the "**Non-Debtor Property-Level Entities**" and, together with the Credit Facility Property Entities, the "**Property-Level Entities**").

11. **Authority to Use Cash Collateral**. The Debtors are hereby authorized to use all Cash Collateral and all proceeds of the Prepetition Secured Parties in accordance with the terms of this Second Interim Order.

12. **Cash Management Compliance**. The Debtors shall maintain their cash management arrangements in a manner consistent with the *Final Order (I) Authorizing Debtors to Continue (A) Using Existing Cash Management System, Bank Accounts, and Business Forms and (B) Funding Intercompany Transactions, (II) Providing Administrative Expense Priority for*

5

*Postpetition Intercompany Claims, and (III) Granting Related Relief* [Docket No. 263] (the "**Final Cash Management Order**").

13. **Adequate Protection for the Prepetition Secured Parties**. The Prepetition Secured Parties are entitled, pursuant to Bankruptcy Code sections 361, 363(c)(2), and 363(e), to adequate protection of their interests in the Cash Collateral to the extent that the imposition of the Automatic Stay, any use, sale, lease, depreciation, or disposition of Cash Collateral during the Chapter 11 Cases, or any grant of a lien on their interests in the Collateral permitted by this Second Interim Order results in diminution in the value of their interests in the Cash Collateral from and after the Petition Date (such diminution in value, the "**Adequate Protection Obligations**").

    (a) <u>Adequate Protection for Bank Lenders</u>. In consideration for the Debtors' use of Cash Collateral, the Debtors will:

        i. continue to maintain and operate the Credit Facility Properties in the ordinary course of business, including the payment of operating expenses, required capital expenditures, and tenant allowances associated with the Credit Facility Properties (the "**Property Expenses**");

        ii. segregate all rents and revenues received from tenants at the Credit Facility Properties and all other proceeds from operation of the Credit Facility Properties after payment of the Property Expenses from operation of the Credit Facility Properties; and

        iii. prepare and provide to the Administrative Agent monthly operating budgets (the "**Operating Budget**") for the Credit Facility Properties as set forth in paragraph 14 herein and provide such information relating to the Credit Facility Properties as shall reasonably be requested by the Administrative Agent.

    (b) <u>Adequate Protection for Property Lenders</u>. In consideration for the Debtors' use of Cash Collateral, to the extent the Property Lenders have valid interests in net proceeds distributed from the Non-Debtor Property-Level Entities to the Debtors, the Debtors will direct the applicable Non-Debtor Property-Level Entities to:

      i.    make interest payments arising under the Property Level Loan Documents in accordance with the terms thereof; and

      ii.    continue to maintain and operate the Mortgage Loan Properties in the ordinary course of business, including, but not limited to, the payment of associated wages, management fees, taxes, insurance costs, necessary capital expenditures, tenant allowances, and other operational expenses.

14.    **Monthly Budget.**  Beginning on November 27, 2020, and subsequently on the last Friday of each month, the Debtors shall deliver the Operating Budgets for the following month to the advisors to the Consenting Noteholders, the advisors to the Administrative Agent, and the advisors to the official committee of unsecured creditors appointed in these cases (the "**Committee**").  Upon receipt of the Operating Budgets, the Administrative Agent shall have three (3) days to object to any Property Expenses contemplated in the Operating Budgets.  If the Debtors and the Administrative Agent cannot resolve such objection within three (3) days, then the Administrative Agent shall file with this Court an objection (a "**Budget Objection**") to such Property Expenses, which Budget Objection may be heard on an emergency basis.  Pending resolution of a Budget Objection, any disputed Property Expenses shall not be paid.

15.    **Limited Modification of Automatic Stay.**  The Automatic Stay is hereby modified solely to the extent necessary to permit the Debtors to commit all acts and take all actions necessary to implement this Second Interim Order and all acts, actions, and transfers contemplated herein.

16.    **No Third Party Rights.**  Except as explicitly provided for herein, this Second Interim Order does not create any rights for the benefit of any third-party, creditor, equity holder or any direct, indirect, third-party or incidental beneficiary.  Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by, any party.

17.    **No Waiver of Rights Pursuant Section 506(c).**  Nothing contained in the Motion or this Second Interim Order is intended to be or shall be deemed as a waiver of any rights or

7

claims arising under section 506(c) of the Bankruptcy Code and all such rights and claims are expressly preserved and reserved.

18. **No Waiver of Rights With Respect to Credit Facility Properties / Rents.** By stipulating and agreeing to this Second Interim Order, no party has waived any of their rights, claims, arguments or defenses associated with the Credit Facility Properties, the rental income derived therefrom, or the Debtors which own the Credit Facility Properties. Without limiting the foregoing, (i) the Administrative Agent expressly reserves its right: (a) to assert that the Credit Facility Properties and the associated rents are not property of the estate and that certain of the Debtors are not properly before this Court in the Chapter 11 Cases; (b) to seek or request adequate protection for the Debtors' use of rents associated with the Credit Facility Properties; (c) to seek or request relief from the automatic stay pursuant to 11 U.S.C. § 362 with respect to the Credit Facility Properties; and (d) to object, or seek any relief with respect, to the Motion or the Final Order and (ii) the Debtors expressly reserve their rights to dispute the Administrative Agents' aforementioned claims in all respects, including that the Administrative Agent has voting proxy rights, and maintain that the Chapter 11 Cases were properly filed.

19. **Reservation of Rights**. Nothing contained in the Motion or this Second Interim Order or any payment made pursuant to the authority granted by this Second Interim Order is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, including the validity or amount of the Administrative Agent's claim arising from the First Lien Credit Facility (which the Debtors currently dispute), (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Debtors' or any other party's rights under the Bankruptcy Code or any other applicable nonbankruptcy law, (iv) an agreement or obligation to pay any claims, (v) a waiver of

any claims or causes of action which may exist against the Debtors, any creditor or interest holder, including those arising under section 552(b) and 506(c) of the Bankruptcy Code, (vi) a waiver of any claims arising under section 507(b) of the Bankruptcy Code, or (vii) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code.

20. **Survival of Second Interim Order**. The provisions of this Second Interim Order and any actions taken pursuant hereto shall survive entry of any order that may be entered (i) confirming any chapter 11 plan in any of the Debtors Chapter 11 Cases; (ii) converting any Debtor's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code; (iii) dismissing any Debtor's Chapter 11 Case; or (iv) withdrawing of the reference of any of the Chapter 11 Cases from this Court.

21. **Immediate Effectiveness of Second Interim Order**. This Second Interim Order, and the findings of fact and conclusions of law contained herein, shall be effective immediately upon signature by the Court, and may be relied upon by the Prepetition Secured Parties. To the extent any findings may constitute conclusions, and vice versa, they are hereby deemed as such. Any applicable stay (including, without limitation, under Bankruptcy Rule 6004(h)) is hereby waived and shall not apply to this Second Interim Order.

22. **Retention of Jurisdiction**. The Court hereby expressly retains jurisdiction to enforce the terms of this Second Interim Order and to adjudicate any and all disputes in connection herewith by motion and without necessity of an adversary proceeding.

23. **Headings**. All headings in this Second Interim Order are descriptive and for reference only, and do not have separate meaning or change any terms therein.

24. **Notice**. The Debtors shall serve this Second Interim Order on the following parties: (i) the U.S. Trustee; (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) McDermott Will & Emery LLC, 2501 North Harwood Street, Suite 1900, Dallas, Texas 75201 (Attn: Charles R. Gibbs and Kristin K. Going), on behalf of the Official Committee of Unsecured Creditors; (iv) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, NY 10036 (Attn: Michael Stamer, Meredith Lahaie, and Kevin Zuzolo), on behalf of the Consenting Noteholders; (v) Jones Day, 250 Vesey Street, New York, NY 10281 (Attn: David Paulson, Brett Barragate, and Benjamin Rosenblum), on behalf of the Administrative Agent; (vi) the Internal Revenue Service; (vii) the United States Attorney's Office for the Southern District of Texas; (viii) the Securities and Exchange Commission; and (ix) any other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(d) (collectively, the "**Notice Parties**"). No further notice is required under the circumstances.

Signed: December 03, 2020.

_____
DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE