IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CBL & ASSOCIATES | § | |
| PROPERTIES, INC., *et al.*, | § | Case No. 20-35226 (DRJ) |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |
| | § | Re: Docket No. 911 |

## OBJECTION OF DEBTORS TO
## MIGDALIA RODRIGUEZ'S MOTION FOR RELIEF FROM AUTOMATIC STAY

CBL & Associates Properties, Inc. and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), submit this objection (the "**Objection**") to the *Motion for Relief from Automatic Stay* (ECF No. 911) (the "**Motion**"), filed by Migdalia Rodriguez (the "**Movant**") and respectfully represent as follows:

1.  On February 25, 2021, Movant filed the four-paragraph Motion, which summarily requests that the Court enter an order lifting the automatic stay simply because: (i) Movant filed a prepetition premises liability action in state court (the "**State Court Action**"); (ii) the Debtor has insurance coverage for Movant's claim; and (iii) Movant will not be seeking damages in excess of the available insurance coverage.

2.  Movant, however, has plainly failed to meet her significant burden to demonstrate that cause exists to lift the automatic stay. In fact, the Motion does not contain any meaningful analysis—factual or legal—as to why stay relief is warranted. The Motion does not

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

analyze any of the *Sonnax*[2] factors relied upon by this Court and others in determining if the stay relief is appropriate and does not provide any evidentiary support for Movant's request. For the reasons set forth herein, the Motion should be denied.[3]

A.   **Movant Has Not Established a Prima Facie Showing for Relief from the Automatic Stay.**

3.   Although section 362(d) of the Bankruptcy Code authorizes a court to lift an automatic stay for "cause," section 362(d) does not offer guidance as to what constitutes "cause," and the reviewing court must determine whether cause exists on a case-by-case basis.[4] Although the Fifth Circuit has not imposed a firm standard for determining whether cause exists to lift the automatic stay, courts in this Circuit have relied upon a set of twelve factors, the so-called "*Sonnax* Factors," when making such assessment.[5] Critically, however, the party seeking

---

[2]   *See Sonnax Indus., Inc. v. Tri Component Prods. Corp.* (*In re Sonnax Indus., Inc.*), 907 F.2d 1280, 1286 (2d Cir. 1990)) ("***Sonnax***").

[3]   The Motion is also deficient because Movant has not complied with Local Rule 4001-1(a)(1), which provides that "[m]otions for relief from the stay must contain a certificate that the movant has conferred with opposing counsel . . . and has been unable to reach an agreement on the requested relief. If no conference has been conducted, movant must certify the dates and times on which the movant has attempted to confer." BLR 4001-1(a)(1). No such certificate was attached to the Motion nor was any such conference held.

[4]   *See, e.g.*, *In re Reitnauer*, 152 F.3d 341, 343 n.4 (5th Cir. 1998).

[5]   *See Sonnax* at 1286. The *Sonnax* Factors are:

   (1)   whether relief would result in a partial or complete resolution of the issues;
   (2)   lack of any connection with or interference with the bankruptcy case;
   (3)   whether the other proceeding involves the debtor as a fiduciary;
   (4)   whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
   (5)   whether the debtor's insurer has assumed full responsibility for defending it;
   (6)   whether the action primarily involves third parties;
   (7)   whether litigation in another forum would prejudice the interests of other creditors;
   (8)   whether the judgment claim arising from the other action is subject to equitable subordination;
   (9)   whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
   (10)  the interests of judicial economy and the expeditious and economical resolution of litigation;
   (11)  whether the parties are ready for trial in the other proceeding; and
   (12)  impact of the stay on the parties and the balance of harms.

stay relief—here, the Movant—carries the initial burden on the stay relief and only if the movant makes a *prima facie* case does the debtor need to respond.[6]  "If a movant fails to make a *prima facie* showing, the court should deny the relief requested."[7]

        4.     Here, Movant fails to even consider the *Sonnax* factors or offer any meaningful analysis as to why stay relief is warranted.  The Motion is likewise devoid of any evidentiary support with respect to whether "cause" exists to lift the stay.[8]  Instead, Movant summarily alleges that: (i) an injury occurred (without attaching any documentation from the pending litigation); (ii) an insurance policy exists (without attaching the relevant policy or any other evidentiary support for this assertion); and (iii) she will not be seeking damages in excess of available insurance coverage against Debtors.  Movant, however, fails to explain why her specific circumstances warrant that the automatic stay be lifted based on the applicable legal standard.  For this reason alone, Movant's request for stay relief should be denied.

**B.    Movant Has Not Established Cause for Relief from the Automatic Stay.**

        5.     Even if Movant has established a *prima facie* case for stay relief (which she has not), Movant clearly has not established that "cause" exists for stay relief under the *Sonnax* factors.[9]  For example, Movant fails to show that she will incur any hardship from the continuation of the stay and the Motion does not make mention of any specific prejudice suffered thus far—or

---

[6] *See In re Kowalsky*, 235 B.R. 590, 594 (Bankr. E.D. Tex. 1999) (citing *In re Sonnax*, 907 F.2d at 1280).

[7] *Id.* (citing *In re Keene Corp.*, 171 B.R. 180, 182 (Bankr. S.D.N.Y. 1994)).

[8] *See Sonnax*, 907 F.2d at 1285 ("If the movant fails to make an initial showing of cause, however, the court should deny relief without requiring any showing from the debtor that it is entitled to continued protection.").

[9] Not all of the *Sonnax* factors may be relevant to each case.  *See In re Xenon Anesthesia of Tex., PLLC*, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014).

to be suffered in the future—by the Movant due to the continued imposition of the automatic stay.[10] Nor does Movant indicate whether the parties are ready for trial in the State Court Action. Indeed, the docket in the State Court Action indicates that the litigation is in the very early stages of discovery and motion practice.[11] Movant does not explain why the interests of judicial economy and the expeditious and economical resolution of litigation warrant stay relief.

6. Accordingly, Movant has failed to show that application of the *Sonnax* factors warrants the stay relief requested. The Motion should be denied.

## CONCLUSION

7. For the foregoing reasons, Movant has failed to establish that she is entitled to relief from the automatic stay and the Motion should be denied.

[*Remainder of page intentionally left blank*]

---

[10] *See In re W.R. Grace & Co.*, No. 01-01139, 2007 WL 1129170, at *3 (Bankr. D. Del. Apr. 13, 2007) (noting that, to lift the automatic stay, the moving party "bears 'the heavy and possibly insurmountable burden of proving that the balance of hardships tips significantly in favor of granting relief.'") (quoting *In re Micro Design, Inc.*, 120 B.R. 363, 369 (E.D. Pa. 1990)).

[11] *See Migdalia Rodriguez v. The Pavilion at Port Orange, LLC*, Case No. 2020-30648-CICI (Fla. Cir. Ct.); *see also Sonnax*, 907 F.2d at 1287 (rejecting lifting stay where "the litigation in state court has not progressed even to the discovery stage").

WHEREFORE, the Debtors respectfully requests that the Court deny the relief requested in the Motion.

Dated: March 17, 2021
       Houston, Texas

Respectfully submitted,

 /s/  **Alfredo R. Pérez**
WEIL, GOTSHAL & MANGES LLP
Alfredo R. Pérez (15776275)
700 Louisiana Street, Suite 1700
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  Alfredo.Perez@weil.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Garrett A. Fail (admitted *pro hac vice*)
Moshe A. Fink (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York  10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Email:  Ray.Schrock@weil.com
        Garrett.Fail@weil.com
        Moshe.Fink@weil.com

*Attorneys for Debtors
and Debtors in Possession*

**Certificate of Service**

      I hereby certify that, on March 17, 2021, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                       */s/ **Alfredo R. Pérez***
                                                      Alfredo R. Pérez