

ENTERED
06/02/2021

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ------------------------------------------------------- § | | |
| **In re:** § | | **Chapter 11** |
| § | | |
| **CBL & ASSOCIATES** § | | **Case No. 20-35226 (DRJ)** |
| **PROPERTIES, INC.,** *et al.*, § | | |
| § | | **(Jointly Administered)** |
| Debtors.¹ § | | |
| ------------------------------------------------------- § | | (Docket No. 11) |

## INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

Upon the *Emergency Motion of Debtors Requesting (I) Joint Administration of Additional Chapter 11 Case and (II) That Certain Orders in the Chapter 11 Case of CBL & Associates Properties Inc., et al., Be Made Applicable to New Debtor* (the "**Motion**")²; and upon consideration of the First Day Declaration; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the objection thereto filed by Agent (as defined below); and a hearing having been held on May 26, 2021 to consider the Motion; and the Additional Debtor and U.S. Bank having further discussed the relief requested in the Motion and

---

¹ A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

1

agreed to the relief set forth herein; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Additional Debtor and their respective estates and creditors; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. For purposes of this Final Order, the term "Cash Collateral" shall be deemed to include, without limitation, the Additional Debtor's "Cash Collateral" as defined under section 363 of the Bankruptcy Code.

2. The Additional Debtor is authorized to use Cash Collateral in accordance with the terms of this Order.

3. As adequate protection for the ability to use the Cash Collateral, the Additional Debtor shall (i) continue to maintain and operate the Additional Debtor's property and business in the ordinary course of business, including the payment of operating expenses, tenant allowances and required capital expenditures (the "**Property Expenses**") as permitted by this Order and the budget annexed hereto as <u>**Exhibit 1**</u> (the "**Budget**"), (ii) segregate all rents and revenues received from tenants at the Additional Debtor's property and all other proceeds from operation of the Additional Debtor's property after payment of the Property Expenses, and (iii) continue to use and maintain its current cash management system, including by requiring all tenant receipts to be deposited into the lockbox account at U.S. Bank.

4. On the last Friday of each month, the Additional Debtor shall deliver to the advisors to U.S. Bank National Association, as agent under that certain Construction Loan Agreement, dated as of May 13, 2016, as amended ( the "**Agent**"), an updated Budget (each, an "**Updated Budget**"). Upon receipt of the Updated Budget, the Agent shall have three (3) days to object to

any Property Expenses contemplated in the Updated Budget. If the Additional Debtor and the Agent cannot resolve such objection within three (3) days, then the Agent shall file with this Court an objection (a "**Budget Objection**") to such Property Expenses, which Budget Objection may be heard on an emergency basis. Pending resolution of a Budget Objection, any disputed Property Expenses shall not be paid.

5. Pursuant to section 105(a) of the Bankruptcy Code, and all in accordance with the Budget, the Additional Debtor is authorized, on an interim basis, to make payments in accordance with the Preexisting Orders set forth on **Exhibit 2** annexed hereto from the Initial Debtors' chapter 11 cases [Case No. 20-35226 (DRJ)].

6. In accordance with the Budget, the Additional Debtor is authorized to pay the management fee due the week ending June 5, 2021. The Agent reserves all rights to contest the payment of any future management fees at the Final Hearing (as defined herein).

7. To the extent the Additional Debtor uses Cash Collateral, and solely to the extent of diminution in value of Agent's interest in collateral of the Additional Debtor as determined by the Bankruptcy Court, the Agent shall be granted, pursuant to Sections 361(2), 363(e) and 506 of the Bankruptcy Code, replacement liens on the Additional Debtor's post-petition acquired assets of the same type, and to the same extent, validity and priority as the liens held by Agent on all of the Additional Debtor's assets as of May 26, 2021 (the "**Petition Date**").

8. Nothing herein shall be deemed to be a waiver by the Agent or the Lenders of any other rights it may have under applicable law in or against the Additional Debtor's interests in property, including, but not limited to, setoff and recoupment rights, which rights the Agent expressly reserves on behalf of itself and the Lenders.

156285.01002/126036150V.2

9. Nothing herein shall be deemed to prevent the Agent from seeking to terminate the use of Cash Collateral for any breach by the Additional Debtor of the terms hereof or to obtain relief from the automatic stay or to assert any other rights, claims, remedies, or defenses available to them, nor shall anything contained herein deprive the Additional Debtor or any other party in interest of the right to oppose any such action.

10. Nothing herein shall (i) preclude the Agent from asserting that it is not adequately protected, requesting additional adequate protection or making any contention respecting valuation of collateral or the amount of their claims or (ii) preclude the Additional Debtor or any other party in interest from contesting such assertions.

11. Nothing contained in the Motion or in this Order is intended to be or shall be deemed as a waiver of any rights or claims arising under section 506(c) of the Bankruptcy Code and all such rights and claims are expressly preserved and reserved.

12. Any reversal, modification, or vacation of this Order shall not affect the validity or priority of any obligation of the Additional Debtor to the Agent incurred or arising by operation of law, or any security interest or lien granted to the Agent under this Order, before the effective date of such reversal, modification, or vacation.  Notwithstanding the entry of any subsequent stay or any such reversal, modification, or vacation, all uses of the Cash Collateral, and the security interests and liens granted to the Agent by the Additional Debtor under this Order before the effective date of such stay, reversal, modification, or vacation, shall be governed in all respects by the original provisions of this Order and the Agent shall be entitled to all the rights, privileges, and benefits with respect to all such uses, obligations, security interests, and liens.

13. Any objection to the entry of the Final Order must be filed on or before 4:00 a.m./p.m. Central Time on June 15, 2021 (the "**Objection Deadline**"). A final hearing on the Motion

shall take place on June 22, 2021 at 12:30 p.m.Central Time before the Honorable Judge Jones, United States Bankruptcy Judge (the "**Final Hearing**"). Objections shall be in writing and shall be filed with the clerk of the Court on or before the Objection Deadline.

14. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Additional Debtor is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order. The Automatic Stay is hereby modified solely to the extent necessary to permit the Additional Debtor's to commit all acts and take all actions necessary to implement this Final Order and all acts, actions, and transfers contemplated herein.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**Signed:  June 02, 2021.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

# Exhibit 1

Budget

1

156285.01002/126036150V.2

CBL & Associates Properties Inc
Laredo Outlet Shoppes, LLC Cash Flow Budget
$ in thousands

| | | Post-Petition | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Fiscal Week | | Wk 1 | Wk 2 | Wk 3 | Wk 4 | Wk 5 | Wk 6 | Wk 7 | Wk 8 | Wk 9 | Wk 10 | Wk 11 | Wk 12 | Wk 13 | 13Wk |
| Fiscal Month | | May-21 | Jun-21 | Jun-21 | Jun-21 | Jun-21 | Jul-21 | Jul-21 | Jul-21 | Jul-21 | Jul-21 | Aug-21 | Aug-21 | Aug-21 | |
| Week Ending | | 5/29/21 | 6/5/21 | 6/12/21 | 6/19/21 | 6/26/21 | 7/3/21 | 7/10/21 | 7/17/21 | 7/24/21 | 7/31/21 | 8/7/21 | 8/14/21 | 8/21/21 | Total |
| Fcst / Actual | | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* | *Proj* |
| **I. Receipts** | | | | | | | | | | | | | | | |
| 1 | Rent Payment Receipts | - | 323 | 149 | 47 | 35 | 253 | 236 | 63 | 108 | 174 | 295 | 80 | 34 | 1,798 |
| 2 | Sales Tax Rebates[1] | - | - | - | - | - | 110 | - | - | - | - | - | - | - | 110 |
| 3 | Other Receipts | - | 43 | 20 | 6 | 5 | 34 | 32 | 8 | 14 | 23 | 39 | 11 | 5 | 240 |
| 4 | Total Receipts | - | 367 | 169 | 53 | 40 | 397 | 268 | 71 | 122 | 197 | 335 | 91 | 39 | 2,149 |
| **II. Operating Disbursements** | | | | | | | | | | | | | | | |
| 5 | Salaries/Commissions | - | (20) | - | (24) | - | (20) | (0) | (24) | (0) | (22) | - | (16) | - | (127) |
| 6 | Real Estate Taxes | - | - | - | - | - | (662) | - | - | - | - | - | - | - | (662) |
| 7 | Utilities, Maintenance and Repairs | - | (32) | (57) | (5) | (5) | (27) | (59) | (7) | (7) | (27) | (55) | (3) | (3) | (287) |
| 8 | Other Property Expenses | - | (62) | (15) | (26) | (47) | (60) | (7) | (25) | (45) | (54) | (31) | (11) | (42) | (425) |
| 9 | Management Fees | - | (23) | - | - | - | (23) | - | - | - | (23) | - | - | - | (69) |
| 10 | Total Op. Disbursements | - | (138) | (71) | (54) | (52) | (793) | (66) | (56) | (52) | (126) | (86) | (30) | (45) | (1,570) |
| **III. Non Operating Cash Flows** | | | | | | | | | | | | | | | |
| 11 | Capital Expenditures | - | (14) | (5) | (18) | (320) | - | - | (18) | - | - | - | (18) | - | (393) |
| 12 | Debt Service | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| 13 | Subtotal Ordinary Course | - | (14) | (5) | (18) | (320) | - | - | (18) | - | - | - | (18) | - | (393) |
| 14 | Net Cash Flows | - | 215 | 93 | (19) | (332) | (396) | 202 | (3) | 70 | 71 | 249 | 43 | (6) | 186 |
| **IV. Cash Balance** | | | | | | | | | | | | | | | |
| 15 | Beginning Book | 915 | 915 | 1,130 | 1,223 | 1,204 | 872 | 476 | 678 | 675 | 745 | 816 | 1,064 | 1,107 | 915 |
| 16 | + Net Cash Flow | - | 215 | 93 | (19) | (332) | (396) | 202 | (3) | 70 | 71 | 249 | 43 | (6) | 186 |
| 17 | Ending Book | 915 | 1,130 | 1,223 | 1,204 | 872 | 476 | 678 | 675 | 745 | 816 | 1,064 | 1,107 | 1,101 | 1,101 |

1. The application for the Q1 2021 Sales Tax Rebate has been submitted to the City of Laredo in the amount of $110,346. Laredo expects to receive this amount around the first week in July. Laredo is currently in negotiations with Webb County to receive approximately $480,000 in past due (2018-2020) Tax Abatements. Due to the uncertainty of the timing, this amount has not been included.

## Exhibit 2

**Preexisting Orders Entered in
CBL & Associates Properties, Inc.,** *et al.*
**Case No. 20-35226 (DRJ)**

| ECF No. | Order |
|---|---|
| 30 | Order Authorizing the Appointment of Epiq As Claims, Noticing, Administrative and Administrative Agent *Nunc Pro Tunc* to the Petition Date Relief (Entered: 11/02/2020) |
| 35 | Order Granting Complex Chapter 11 Bankruptcy Case Treatment Relief (Entered: 11/02/2020) |
| 61 | Order (I) Approving Debtors' Proposed Form of Adequate Assurance of Payment to Utility Companies; (II) Establishing Procedures for Resolving Objections by Utility Companies, (III) Prohibiting Utility Companies from Altering, Refusing, or Discontinuing Service, and (IV) Granting Related Relief (Entered: 11/02/2020) |
| 63 | Order (I) Authorizing Debtors to Pay Prepetition Obligations To Critical Service Providers and Lien Claimants and (II) Granting Related Relief (Entered: 11/02/2020) |
| 68 | Order (I) Authorizing Debtors to Pay Certain Prepetition Taxes and Fees and (II) Granting Related Relief (Entered: 11/02/2020) |
| 69 | Order (I) Authorizing Debtors to (A) Pay Prepetition Wages, Salaries, Reimbursable Expenses, and Other Obligations on Account of Compensation and Benefits Programs and (B) Continue Compensation and Benefits Programs and (II) Granting Related Relief (Entered: 11/02/2020) |
| 70 | Order (I) Authorizing Debtors to (A) Maintain Their Insurance Programs and Surety Bond Program and (B) Honor All Obligations with Respect Thereto, (II) Modifying Automatic Stay with Respect to Workers' Compensation Claims, and (III) Granting Related Relief (Entered: 11/02/2020) |
| 262 | Final Order Authorizing (I) Payment of Tenant Obligations and (II) Granting Related Relief (Entered: 11/23/2020) |

156285.01002/126036150V.2