UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy No. 20-35226 (DRJ) |
| CBL & Associates Properties, Inc., et al., ) | |
| ) | Chapter 11 |
| Reorganized Debtors[1] ) | |
| ) | |

### MOTION OF PATRICIA ELLISON FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. 362

**THIS IS A MOTION FOR RELIEF FROM THE AUTOMATIC STAY. IF IT IS GRANTED, THE MOVANT MAY ACT OUTSIDE OF THE BANKRUPTCY PROCESS. IF YOU DO NOT WANT THE STAY LIFTED, IMMEDIATELY CONTACT THE MOVING PARTY TO SETTLE. IF YOU CANNOT SETTLE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY AT LEAST 7 DAYS BEFORE THE HEARING. IF YOU CANNOT SETTLE, YOU MUST ATTEND THE HEARING. EVIDENCE MAY BE OFFERED AT THE HEARING AND THE COURT MAY RULE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY**

**THE COURT WILL CONDUCT A HEARING ON THIS MOTION ON DECEMBER 22, 2022 AT 9:00 AM IN COURTROOM 400, 515 RUSK AVE, HOUSTON, TX 77002.**

AND NOW, comes Patricia Ellison (the "Movant"), by and through its undersigned counsel, Bernstein-Burkley, P.C., files this *Motion for Relief from the Automatic Stay pursuant to 11 U.S.C. 362* (the "Motion"), and in support thereof states as follows:

### JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Southern District of Texas has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334. This matter is a "core" proceeding under 28 U.S.C. §157(b)(2)(G). Venue is appropriate pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

2.      Sections 105 and 362 of title 11, United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended, "Bankruptcy Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") serve as the statutory bases for the relief requested by the Movants in this Motion.

## FACTUAL BACKGROUND

3.      On November 1, 2020 (the "Petition Date"), the above-captioned Reorganized Debtors filed a voluntary petition under chapter 11 of the Bankruptcy Code.

4.      On May 25, 2021, the Reorganized Debtors filed its *Third Amended Joint Chapter 11 Plan of Reorganization of CBL & Associates Properties, Inc. and its Affiliated Reorganized Debtors* (the "Third Amended Plan") [Doc. No. 1369].

5.      The Third Amended Plan was confirmed on August 11, 2021, by Confirmation Order. [Doc. No. 1397].

6.      The Third Amended Plan became effective on November 1, 2021, by Notice of Effective Date. [Doc. No. 1545].

## STATE COURT ACTION

7.      The Movant is an adult individual who reside at 226 Orchard Drive, Latrobe, Westmoreland County, Pennsylvania 15650.

8.      CBL & Associates, Properties, Inc. ("CBL") owned, operated, controlled, maintained and possessed a shopping mall, including all outbuildings and common areas at the property located at 5280 Route 30, Greensburg, PA 15601 ("Property").

9.      In connection with the Property, CBL leased certain property to the TJX Corporation, inc. t/d/b/a TJ Maxx. Movant believes that pursuant to the lease, CBL agreed to provide certain common areas for the use of TJ Maxx, including the parking spaces and lots.

10. On or about January 13, 2018, Movant was involved in serious accident (the "Accident") in the parking lot of TJ MAXX the store located at the Property, which resulted in bodily injuries.

11. Movant was an employee of TJ Maxx and was preparing to leave the same, when she was cause to slip, trip and fall as a result of an accumulation of snow and ice in the parking lot in front of TJ Maxx's property.

12. On or about October 15, 2019, Movant commenced an action in the Court of Common Pleas of Westmoreland County, Pennsylvania at Case No. 5089 of 2019 (the "State Court Suit") against CBL.

13. At all times herein, CBL provided liability coverage for all claims asserted by Movant pursuant to an insurance policy issued through Sompo International Insurance ("Insurance").

## REQUESTED RELIEF

14. The Movant now seeks relief from the automatic stay to continue litigation in the State Court Suit in order to pursue Movant's claims against CBL, by and through its' insurance provider and any proceeds available under any insurance policy owned by CBL.

15. Section 362(d) of the Bankruptcy Code provides, in pertinent part:

(d) On request of any party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

(1) For cause, including the lack of adequate protection of an interest in property of such party in interest;

(2) with respect to a stay of an act against property under subsection (a) of this section, if –

(A) the Debtor does not have equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(1) and (2).

16. Movant wishes to proceed at this time with the prosecution of claims against CBL's insurance coverage and insurance proceeds only.

17. Movant shall not prosecute any claims against CBL's assets without further order of court, but Movant expressly preserve any and all rights, claims and actions against CBL.

18. Any applicable liability insurance policy owned by CBL is property of bankruptcy estate to the extent of CBL's contractual rights to its policy. Houston v. Edgeworth (In re Edgeworth), 993 F2d 51, 55 (5th Cir 1993). Nevertheless, CBL does not have a significant interest protected by the automatic stay in the proceeds of applicable liability insurance policies. La. World Exposition, Inc. v. Fed. Ins. Co.(In re La. World Exposition, Inc.), 832 F2d 1391, 1399 (5th Cir 1987).

19. CBL does not have any equity in any insurance proceeds, and they are, accordingly, not necessary for an effective reorganization. Therefore, Movant is entitled to relief from the automatic stay pursuant to §362(d)(2)(A) of the Bankruptcy Code.

20. Additionally, the Court has discretion to grant the requested relief pursuant to § 362(d)(1) of the Bankruptcy Code where appropriate "cause" exists. Cause is established through the Court's consideration of the following factors: 1) the estate or debtor will not suffer "great prejudice" due to the non-bankruptcy court proceedings; and 2) the "hardship" suffered by Plaintiff is greater than "hardship" of the debtor if the stay is modified. In Re Fowler 259 B.R. 856, 860 (Bankr. E.D. Tex. 2001).

21. Furthermore, the Court is free to modify the automatic stay to allow another court to adjudicate a state court matter against a defendant/debtor without prejudice to the administration of the bankruptcy estate so long as the Order modifying the stay states that the creditor is prohibited from taking action to recovery a judgment against the defendant/debtor. <u>In re Revco D.S., Inc.</u>, 99 B.R. 768, 777 (N.D. Ohio 1989).  See also, <u>In re Turner</u>, 55 B.R. 498, 502 (Bankr.N.D.Ohio 1985) [any prejudice to debtor by finding of liability in district court action may be obviated by bankruptcy court's order limiting relief from stay for the sole purpose of obtaining a finding of liability and prohibiting any action to collect on such debt from the property of the debtor].

22. CBL will not be prejudiced in any way by the granting of relief from stay because such relief is being sought conditioned on recovery only from any applicable insurance proceeds.  As a result, CBL will not experience any hardship from granting such relief.

23. The Movant will be severely prejudiced and will experience great financial hardship if she cannot pursue recovery of available proceeds in a timely manner.

24. Accordingly, cause exists under §362(d)(1) of the Bankruptcy Code to grant Movant relief from the automatic stay to litigation of the State Court Suit and pursue recovery of any applicable insurance proceeds.

25. Movant certifies that prior to filing this Motion, an attempt was made to confer with CBL either by telephone, by email or by facsimile: Keri P. Ebeck on November 8, 2022, <u>via electronic correspondence</u>. To date, counsel for Reorganized Debtors has not consented to the relief requested.

WHEREFORE, Movant, Patricia Ellison respectfully requests that this Honorable Court grant her Motion for Relief from the Automatic Stay.

Dated: November 21, 2022

           Respectfully submitted,

           BERNSTEIN-BURKLEY, P.C.

           /s/ *Keri P. Ebeck*
           Keri P. Ebeck, SBN 91298 (Admitted in SDTX)
           601 Grant Street, 9th Floor
           Pittsburgh, PA  15219
           Phone: (412) 456-8112
           Email: kebeck@bernsteinlaw.com
           Attorney for Movant

**CERTIFICATE OF SERVICE AND CERTIFICATE OF COMPLIANCE WITH BLR 4001**

A copy of this motion was served on the persons shown on exhibit "1" at the addresses reflected on that exhibit on November 21, 2022 by prepaid United States first class mail. Movants certify that Movants have complied with Bankruptcy Local Rule 4001.

Dated: November 21, 2022

                                        Respectfully submitted,

                                        BERNSTEIN-BURKLEY, P.C.

                                        */s/ Keri P. Ebeck*
Keri P. Ebeck, SBN 91298 (Admitted in SDTX)
601 Grant Street, 9th Floor
Pittsburgh, PA  15219
Phone: (412) 456-8112
Email: kebeck@bernsteinlaw.com
Attorney for Movants

# **EXHIBIT 1**

**DEBTOR:**

CBL & Associates Properties, Inc.
2030 Hamilton Place Blvd.
CBL Center, Suite 500
Chattanooga, TN 37421

**REORGANIZED DEBTORS' ATTORNEY:**

Yelena Archiyan
Katten Muchin Rosenman LLP
2121 North Pearl Street
Suite 1100
Dallas, TX 75201

**TRUSTEE:**

Hector Duran, Jr
515 Rusk, Ste 3516
Houston, Tx 77002

**PARTIES REQUESTING NOTICES:**

United States Trustee
515 Rusk Ave, Ste 3516
Houston, TX 77002

**PARTIES IN INTEREST:**