# UNITED STATES BANKRUPTCY COURT

Southern DISTRICT OF Texas

Houston Division

| | | |
|---|---|---|
| In re: CBL & Associates Properties, Inc., et al., | § | Case No.  20-35226 |
| | § | Lead Case No.  20-35226 |
| _____ | § | |
| Debtor(s) | § | ☒ Jointly Administered |

## Post-confirmation Report
Chapter 11

Quarter Ending Date: 12/31/2022           Petition Date: 11/01/2020

Plan Confirmed Date: 08/11/2021           Plan Effective Date: 11/01/2021

This Post-confirmation Report relates to:   ⦿ Reorganized Debtor

                    ◯ Other Authorized Party or Entity: _____

                                    Name of Authorized Party or Entity

/s/ Alfredo R. Perez
_____
Signature of Responsible Party

01/25/2023
_____
Date

Alfredo R. Perez
_____
Printed Name of Responsible Party

Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002-2784
_____
Address

STATEMENT: This Periodic Report is associated with an open bankruptcy case; therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Debtor's Name CBL & Associates Properties, Inc., et al.,                    Case No.  20-35226

## Part 1: Summary of Post-confirmation Transfers

|  | Current  Quarter | Total Since Effective  Date |
|---|---|---|
| a. Total cash disbursements[1] | $7,958,786 | $23,871,608 |
| b. Non-cash securities transferred | $0 | $0 |
| c. Other non-cash property transferred | $0 | $0 |
| d. Total transferred (a+b+c) | $7,958,786 | $23,871,608 |

## Part 2: Preconfirmation Professional Fees and Expenses

| | | | Approved Current Quarter | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|
| a. | Professional fees & expenses (bankruptcy) incurred by or on behalf of the debtor | *Aggregate Total* | | | | |
| | *Itemized Breakdown by Firm* | | | | | |
| | Firm Name | Role | | | | |
| i | | | | | | |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |
| vii | | | | | | |
| viii | | | | | | |
| ix | | | | | | |
| x | | | | | | |
| xi | | | | | | |
| xii | | | | | | |
| xiii | | | | | | |
| xiv | | | | | | |
| xv | | | | | | |
| xvi | | | | | | |
| xvii | | | | | | |
| xviii | | | | | | |
| xix | | | | | | |
| xx | | | | | | |
| xxi | | | | | | |
| xxii | | | | | | |
| xxiii | | | | | | |
| xxiv | | | | | | |
| xxv | | | | | | |
| xxvi | | | | | | |
| xxvii | | | | | | |
| xxviii | | | | | | |
| xxix | | | | | | |

[1] See Note 4 below ("Part 1: Summary of Post-Confirmation Transfers").

UST Form 11-PCR (12/01/2021)

Debtor's Name CBL & Associates Properties, Inc., et al.,                     Case No.  20-35226

| | | | | | |
|---|---|---|---|---|---|
| lxxii | | | | | |
| lxxiii | | | | | |
| lxxiv | | | | | |
| lxxv | | | | | |
| lxxvi | | | | | |
| lxxvii | | | | | |
| lxxviii | | | | | |
| lxxix | | | | | |
| lxxx | | | | | |
| lxxxi | | | | | |
| lxxxii | | | | | |
| lxxxiii | | | | | |
| lxxxiv | | | | | |
| lxxxv | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxvi | | | | | |
| lxxxix | | | | | |
| xc | | | | | |
| xci | | | | | |
| xcii | | | | | |
| xciii | | | | | |
| xciv | | | | | |
| xcv | | | | | |
| xcvi | | | | | |
| xcvii | | | | | |
| xcviii | | | | | |
| xcix | | | | | |
| c | | | | | |
| ci | | | | | |

| | | | Approved Current Quarter | Approved Cumulative | Paid Current Quarter | Paid Cumulative |
|---|---|---|---|---|---|---|
| b. | Professional fees & expenses (nonbankruptcy) incurred by or on behalf of the debtor | Aggregate Total | | | | |
| | Itemized Breakdown by Firm | | | | | |
| | Firm Name | Role | | | | |
| i | | | | | | |
| ii | | | | | | |
| iii | | | | | | |
| iv | | | | | | |
| v | | | | | | |
| vi | | | | | | |

UST Form 11-PCR (12/01/2021)                     3

Debtor's Name CBL & Associates Properties, Inc., et al.,                    Case No.  20-35226

| | | | | | | |
|---|---|---|---|---|---|---|
| xci | | | | | | |
| xcii | | | | | | |
| xciii | | | | | | |
| xciv | | | | | | |
| xcv | | | | | | |
| xcvi | | | | | | |
| xcvii | | | | | | |
| xcviii | | | | | | |
| xcix | | | | | | |
| c | | | | | | |
| ci | | | | | | |
| c. | All professional fees and expenses (debtor & committees) | | | | $0 | $0 |

## Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan

| | Total Anticipated Payments Under Plan | Paid Current Quarter | Paid Cumulative | Allowed Claims | % Paid of Allowed Claims |
|---|---|---|---|---|---|
| a. Administrative claims | $0 | $0 | $217 | $217 | 100% |
| b. Secured claims | $0 | $0 | $0 | $0 | 0% |
| c. Priority claims | $0 | $0 | $2,993 | $2,993 | 100% |
| d. General unsecured claims | $0 | $0 | $0 | $0 | 0% |
| e. Equity interests | $0 | $0 | $0 | | |

## Part 4: Questionnaire

a. Is this a final report?                                                                 Yes ○   No ◉

    If yes, give date Final Decree was entered:  _____

    If no, give date when the application for Final Decree is anticipated:   See below

b. Are you current with quarterly U.S. Trustee fees as set forth under 28 U.S.C. § 1930?          Yes ◉   No ○

Debtor's Name CBL & Associates Properties, Inc., et al.,                Case No.  20-35226

### Privacy Act Statement

28 U.S.C. § 589b authorizes the collection of this information and provision of this information is mandatory.  The United States Trustee will use this information to calculate statutory fee assessments under 28 U.S.C. § 1930(a)(6) and to otherwise evaluate whether a reorganized chapter 11 debtor is performing as anticipated under a confirmed plan. Disclosure of this information may be to a bankruptcy trustee when the information is needed to perform the trustee's duties, or to the appropriate federal, state, local, regulatory, tribal, or foreign law enforcement agency when the information indicates a violation or potential violation of law.  Other disclosures may be made for routine purposes.  For a discussion of the types of routine disclosures that may be made, you may consult the Executive Office for United States Trustee's systems of records notice, UST-001, "Bankruptcy Case Files and Associated Records."  *See* 71 Fed. Reg. 59,818 et seq. (Oct. 11, 2006).  A copy of the notice may be obtained at the following link: http://www.justice.gov/ust/eo/ rules_regulations/index.htm.  Failure to provide this information could result in the dismissal or conversion of your bankruptcy case, or other action by the United States Trustee.  11 U.S.C. § 1112(b)(4)(F).

**I declare under penalty of perjury that the foregoing Post-confirmation Report and its attachments, if any, are true and correct and that I have been authorized to sign this report.**

/s/ Ben Jaenicke                                        Ben Jaenicke
Signature of Responsible Party                          Printed Name of Responsible Party

Chief Financial Officer and Executive Vice President    01/25/2023
Title                                                   Date

**Exhibit**

**Case Number**: 20-35226

1. Effective Date:

   On August 11, 2021, the Bankruptcy Court entered the *Proposed Findings of Fact, Conclusions of Law, and Order (I) Confirming Third Amended Joint Chapter 11 Plan of CBL & Associates Properties, Inc. and Its Affiliated Debtors and (II) Granting Related Relief* [Docket No. 1397] (the "**Confirmation Order**") confirming the *Third Amended Joint Chapter 11 Plan of CBL & Associates Properties, Inc. and Its Affiliated Debtors (with Technical Modifications)* [Docket No. 1369] (as amended, supplemented, and modified, including pursuant to the Bankruptcy Court's order entered on October 26, 2021, at Docket No. 1521, the "**Plan**").

   The Effective Date of the Plan occurred on November 1, 2021 [Docket No. 1545]. Accordingly, this report pertains solely to CBL & Associates Properties, Inc. (the "**Open Case**") as all of the Reorganized Debtors' other chapter 11 cases have since been closed.

2. Global Notes:

   The Post-Confirmation Report is unaudited and does not purport to represent financial statements prepared in accordance with GAAP nor is it intended to fully reconcile the consolidated financial statements prepared by the Reorganized Debtors.  Information contained in the Post-Confirmation Report has been derived from the Reorganized Debtors' books and records as of December 31, 2022. The Reorganized Debtors have prepared this quarterly report for the time period of October 1, 2022 through December 31, 2022, using the best information presently available to them, which has been collected, maintained, and prepared in accordance with their historical accounting practices. The results of operations and financial position contained herein are not necessarily indicative of results that may be expected for any other period or for the full year and may not necessarily reflect the consolidated results of operations and financial position of the Reorganized Debtors in the future.

3. Reservation of Rights:

   This report is limited in scope, covers a limited time period, and has been prepared solely for the purpose of complying with the Reorganized Debtors' reporting requirements. The unaudited financial statements have been derived from the books and records of the Reorganized Debtor in the Open Case. The information presented herein has not been subject to all procedures that typically would be applied to financial information presented in accordance with GAAP. Upon the application of such procedures, the Reorganized Debtors believe that the financial information could be subject to material change. The Reorganized Debtors hereby reserve all of their rights to dispute the validity, status, enforceability, or executory nature of any claim amount, agreement, representation, or other statement in this report and reserve the right to amend or supplement this report, if

necessary, but shall be under no obligation to do so.  Nothing contained in this Post-Confirmation Report shall constitute a waiver of any of the Reorganized Debtors' rights or an admission with respect to the Reorganized Debtors' chapter 11 cases.

4.  <u>Part 1: Summary of Post-Confirmation Transfers</u>

The Reorganized Debtor is required to follow certain regulations in order to maintain its status as a real estate investment trust ("**REIT**").  Accordingly, while the Reorganized Debtor generally serves as a "pass-through" entity and does not have any employees, one such regulation includes limiting the Reorganized Debtor to only holding a finite amount of cash on hand to comply with REIT regulations.  Consequently, on December 30, 2022, the Reorganized Debtor made dividends to equityholders of $7,958,536.00 to maintain its status as a REIT which is reflected in Part 1 herein.

Similarly, the Reorganized Debtor made dividends to equityholders in the amounts of $7,953,536.00 and $7,958,536.00 on July 20, 2022 and September 30, 2022, respectively. While such amounts are included in the "Total Since Effective Date" column in Part 1 herein, such amounts should have also been disclosed in the Chapter 11 Post-Confirmation Report for Quarter Ended 9/30/2022 [Docket No. 1972] (the "**Third PCR**").  As a result, pursuant to 28 U.S. Code § 1930(a)(6)(B), the Reorganized Debtor will file an amended Third PCR to reflect the issuance of such distributions.

While the Reorganized Debtor is disclosing the issuance of such dividends on this Post-Confirmation Report (and the forthcoming, amended Third PCR) out of abundance of caution, it does not believe such distributions to equityholders in order to maintain its status as a REIT are "disbursements" for purposes of section 1930(a)(6) of the Bankruptcy Code. Accordingly, the Reorganized Debtor has not included such dividends in its calculation of fees owed to the U.S. Trustee.

5.  <u>Part 3: Recoveries of the Holders of Claims and Interests under Confirmed Plan</u>

The Post-Confirmation Report includes recoveries to holders of Allowed Unsecured Claims (Class 7).  In accordance with the Plan, on the Effective Date, the Unsecured Claims Recovery Pool was distributed to holders of Allowed Unsecured Claims and the Disputed Claims Reserve, as applicable (subject to the Convertible Notes Election).  Pursuant to section 7.4 of the Plan, on the Effective Date, the Reorganized Debtors established the Disputed Claims Reserve for the purpose of making distributions to holders of Unsecured Claims and Section 510(b) Claims once such claims have been resolved. Accordingly, such distributions for Allowed Unsecured Claims and Allowed Section 510(b) Claims against the Reorganized Debtors have been made from the Disputed Claims Reserve. Consequently, the Reorganized Debtor in the Open Case did not directly make any such distributions.

Moreover, given that the claim reconciliation process is still ongoing, the Reorganized Debtors are unable to anticipate or determine total payments that may be made under the Plan nor the total Claims that may be Allowed under the Plan.  Therefore, "$0" has been

entered in certain columns of Part 3 where such information is unknown, not yet determined, or otherwise not applicable.

For the avoidance of doubt, Part 3 of this Post-Confirmation Report only accounts for cash distributions recovered by holders of Claims and Interests under the Plan.  Part 3 does not account for (i) any distribution of non-cash consideration issued under the Plan or (ii) any payments made by the Reorganized Debtors on account of Fee Claims or pursuant to various "first day" orders entered by the Bankruptcy Court.

6.   <u>Part 4: Questionnaire</u>

This Post-Confirmation Report is not a final report and any date of application for a final decree is currently unknown.

WEIL:\98976257\5\32626.0004