United States Bankruptcy Court
Southern District of Texas
**ENTERED**
April 19, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CBL & ASSOCIATES | § | |
| PROPERTIES, INC., *et al.*, | § | Case No. 20-35226 (DRJ) |
| | § | |
| Reorganized Debtor.[1] | § | (Jointly Administered) |

**CORRECTED FIFTH FINAL DECREE CLOSING REMAINING
CHAPTER 11 CASE *NUNC PRO TUNC* TO DECEMBER 31, 2022**
(Docket No. 2033)

Upon the *Reorganized Debtor's Motion for Entry of Fifth Final Decree Closing Remaining Chapter 11 Case Nunc Pro Tunc to December 31, 2022*, dated March 10, 2023 (Docket No. 2033) (the "**Motion**"), of CBL & Associates Properties, Inc. (the "**Debtor**" and, as reorganized, the "**Reorganized Debtor**"), pursuant to section 350(a) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of final decree (as modified, the "**Corrected Fifth Final Decree**") closing the chapter 11 case of the Reorganized Debtor, all as more fully set forth in the Motion;[2] and the Court having jurisdiction to consider the Motion and grant the requested relief in accordance with 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Reorganized Debtor having provided sufficient notice of the Motion; and the Court having determined that the legal and factual bases set forth in the Motion are in the

---

[1]   A complete list of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://dm.epiq11.com/CBLProperties. The Reorganized Debtors' service address for the purposes of these chapter 11 cases is 2030 Hamilton Place Blvd., Suite 500, Chattanooga, Tennessee 37421.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

best interests of the Reorganized Debtor, its estate, and its creditors; and the Court having determined that the Reorganized Debtor has provided due and proper notice of the Motion and no further notice is necessary; and the Court having determined that the legal and factual bases set forth in the Motion establish just and sufficient cause to grant the requested relief herein; and therefore, it is ordered that:

1. Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the Bankruptcy Rules, the Remaining Case is hereby closed *nunc pro tunc* to December 31, 2022.

2. A docket entry shall be made in the Reorganized Debtor's case reflecting entry of this Order.

3. The Reorganized Debtor is authorized to transfer $5 million from the Disputed Claims Reserve held with the Claims Agent to the Trust Account. Unless otherwise ordered by this Court, upon liquidation of the U.S. Bank Claim, the Reorganized Debtor shall make distributions from the Trust Account in accordance with the Plan and the U.S. Bank Settlement Order.

4. Entry of this Corrected Fifth Final Decree (a) is without prejudice to the rights of the Reorganized Debtor or any other party with requisite standing to (i) commence, prosecute and/or resolve any claim or cause of action, or (ii) object to claims filed against any Reorganized Debtor; (b) is without prejudice to the rights of the Reorganized Debtor or any other party in interest to seek to reopen this case for good cause shown pursuant to section 350(b) of the Bankruptcy Code; and (c) shall have no effect whatsoever on any contested or other matters pending before this Court.

5. Entry of this Order is without prejudice to the Reorganized Debtor's rights to seek entry of an order modifying or supplementing the relief granted herein.

6. All expenses arising from the administration of the Reorganized Debtor's estate and this chapter 11 case, including, without limitation, Section 1930 Fees, through December 31, 2022, have been paid or will be paid as and when such expenses come due. This Court shall retain jurisdiction to enforce fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

7. The Reorganized Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Corrected Fifth Final Decree in accordance with the Motion.

8. Notwithstanding anything to the contrary, the terms and conditions of this Corrected Fifth Final Decree shall be immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction over the Reorganized Debtor's chapter 11 case to the extent permitted under the Plan and all matters arising from or related to the implementation, interpretation, or enforcement of this Corrected Fifth Final Decree.

**Signed: April 19, 2023.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**